Jerry L. TROSPER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1142.

Court of Appeals of Alaska.

June 27, 1986.

Dick L. Madson and Fleur L. Roberts, Law Offices of Dick L. Madson, Fairbanks, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Jerry L. Trosper pleaded *nolo contendere* to a charge of misconduct involving a controlled substance in the third degree, AS 11.71.030(a)(1). Trosper's plea was conditional on his right to appeal Judge Gerald J. Van Hoomissen's denial of Trosper's motion to suppress evidence obtained in a search of Trosper's home. *See Cooksey v. State,* 524 P.2d 1251, 1256 (Alaska 1974). We hold that Judge Van Hoomissen properly denied Trosper's motion to suppress and affirm his conviction.

On December 5, 1984, at approximately 12:30 a.m., troopers executed a search warrant on Trosper's Fairbanks residence. They seized narcotics and arrested Trosper. According to Trosper, he did not hear the troopers knock and announce their presence and purpose. Trosper testified that he was lying on his bed when the troopers entered his home, and that he heard nothing until the troopers were in the room and yelled "freeze." Trosper's home had an arctic entry, and he testified that there was a sign on the outer door directing people to knock on the inner door. Trosper also testified that his leg was in a full length cast due to a self-inflicted gun shot wound. The troopers had previously confiscated the

gun with which Trosper had shot himself. Trosper testified that he did not have any other guns in his house.

State Trooper Roy Minatra testified that he knocked loudly on the outer door of the arctic entry and announced "state trooper." Minatra stated that after he knocked he thought he heard someone say "who is it?" Minatra then proceeded to the inner door where he announced "search warrant." The troopers waited approximately five seconds, then entered the inner door. The entire execution of the search warrant was recorded.

Judge Van Hoomissen heard the above accounts during a hearing on Trosper's motion to suppress the evidence seized during the search, and the tape recording of the entry was played. In addition, Judge Van Hoomissen heard testimony from Trooper Minatra that an informant, Jack Theye, had warned the troopers that Trosper had kept a gun next to his bed in the past. Theye did not know whether Trosper possessed a gun at the time the search was executed. However, Theye warned the troopers to be cautious in entering Trosper's home. Minatra additionally testified that Theye informed the troopers that Trosper kept the drugs next to his bed, and that the bed was located close to the bathroom.

Judge Van Hoomissen ruled that the troopers did not comply with the knock and announce statutes in that they failed to wait a sufficient amount of time after knocking before entering. However, Judge Van Hoomissen ruled that the possibility of Trosper being armed, in addition to his ability to dispose of the drugs, created exigent circumstances which justified the troopers' entry. Based on these exigencies, Judge Van Hoomissen denied Tros-

per's suppression motion. Trosper now appeals Judge Van Hoomissen's ruling.

▮ Alaska's knock and announce rule is embodied in AS 12.25.100 and AS 12.35.-040.[1] Strict compliance with the knock and announce rule is not required when a balancing test indicates that the exigencies outweigh the hinderance to the dual purposes behind the rule of respecting individuals' privacy, and minimizing the destruction of property and the possibility of forcible resistance. *Sandland v. State*, 636 P.2d 1196, 1197 (Alaska App.1981). A lower court's finding of exigent circumstances will not be reversed on appeal unless clearly erroneous. *United States v. Whitney*, 633 F.2d 902 (9th Cir.1980), *cert. denied* 450 U.S. 1004, 101 S.Ct. 1717, 68 L.Ed.2d 208 (1981).

Judge Van Hoomissen found that two exigencies existed in serving the warrant on Trosper: (1) that the officers had reason to fear for their safety, and (2) that the evidence to be seized was in danger of being destroyed. Additionally, Judge Van Hoomissen apparently found that the troopers' only noncompliance with the knock and announce rule was their failure to wait for Trosper to refuse admittance.

▮ "[O]nly a mild indication of exigency is required to excuse noncompliance with the 'refusal of admittance' requirement. . . ." *Whitney*, 633 F.2d at 909 (*citing United States v. Bustamante-Gamez*, 488 F.2d 4 (9th Cir.1973), *cert. denied*, 416 U.S. 970, 94 S.Ct. 1993, 40 L.Ed.2d 559 (1974)). The facts of this case support Judge Van Hoomissen's finding that the troopers had more than a "mild indication" that Trosper might be armed. Although they did not have specific knowledge that Trosper had a gun at the time, they knew Trosper had been armed in the past, and

---

**1.** Alaska Statute 12.25.100 provides:

  *Breaking into building or vessel to effect arrest.* A peace officer may break into a building or vessel in which the person to be arrested is or is believed to be, if the officer is refused admittance after the officer has announced the authority and purpose of the entry.

Alaska Statute 12.35.040 provides:

  *Authority of officer executing warrant.* In the execution of service of a search warrant, the officer has the same power and authority in all respects to break open any door or window, to use the necessary and proper means to overcome forcible resistance made to the officer, or to call any other officer's aid as the officer has in the execution or service of a warrant of arrest.

that if he currently had a gun it would be readily accessible. On the basis of these facts, Judge Van Hoomissen was not clearly erroneous in finding that the troopers reasonably believed that they were in peril of life or limb. *See Whitney*, 633 F.2d at 910.

Additionally, the facts support Judge Van Hoomissen's finding that the drugs could easily be destroyed. The troopers had knowledge that Trosper had ready access to the bathroom where the drugs could be destroyed. It was unnecessary for the state to show that Trosper was actually attempting to destroy the drugs before finding that an exigent circumstance existed. This is especially true in the present case, where the only noncompliance with the rule was a failure to wait for Trosper to refuse admittance. *See id.* at 909–10. Trosper's conviction is

AFFIRMED.