**Richard L. HUDSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1048.**

Court of Appeals of Alaska.

June 1, 1990.

___

J. John Franich, Asst. Public Advocate, Fairbanks, and Brant McGee, Public Advocate, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., COATS and SINGLETON, JJ.

SINGLETON, Judge.

Richard L. Hudson pled no contest and was convicted of one count of misconduct involving a controlled substance in the third degree—cocaine—a class B felony, in violation of AS 11.71.030(a)(1). He received a sentence of three years with two years suspended. With the agreement of the state and the concurrence of the trial court, Hudson reserved the right to argue on appeal that the trial court erred in denying his motion to suppress evidence, allegedly obtained in violation of the "knock and announce" rules embodied in AS 12.25.100 and AS 12.35.040. We therefore have jurisdiction over this appeal. *See Oveson v. Anchorage*, 574 P.2d 801, 803 n. 4 (Alaska 1978); *Cooksey v. State*, 524 P.2d 1251, 1256–57 (Alaska 1974). We affirm.

On November 9, 1988, a number of Fairbanks police officers were at the Westmark Hotel outside room 498 preparing to serve a search warrant for drugs. The officers were delaying service of the warrant in hopes of intercepting a shipment of drugs. It was understood, however, that if an occupant of the room opened the door, the warrant would be served. The officers were aware that Hudson was an occupant of the room and that he had been armed with handguns on prior occasions. Three officers were in the hall: Officer Brown, dressed in his uniform and bullet-proof vest, Officer Johnson dressed in raid gear that clearly identified him as a police officer (including a bullet-proof vest), and Trooper Hunyor. The officers had drawn their guns in preparation for entering the room.

The door to the room was in an alcove that was approximately a foot and one-half deep. Officers Brown and Johnson were positioned on either side of the door outside of the alcove with Trooper Hunyor further down the hall next to Officer Brown. Hudson, hearing a commotion in the hall and believing it was a person he was expecting, opened the door. He saw the police, said "oh, no," and began to close the door. The officers then burst into the room shouting, "police with a search warrant." Contraband was found in the room resulting in the present charges.

In *Trosper v. State*, 721 P.2d 134, 135 (Alaska App.1986), we set out the general rules governing police officers' duty to knock and announce before entering a dwelling to serve a search warrant. We said:

> Alaska's knock and announce rule is embodied in AS 12.25.100 and AS 12.35.040. Strict compliance with the knock and announce rule is not required when a balancing test indicates that the exigencies outweigh the hinderance [sic] to the dual purposes behind the rule of respecting individuals' privacy, and minimizing the destruction of property and the possibility of forcible resistance. A lower court's finding of exigent circumstances will not be reversed on appeal unless clearly erroneous.

*Id.* (footnote and citations omitted).

Superior Court Judge Richard D. Savell found that the police had substantially complied with the knock and announce requirement by announcing their identity and their intent to search while simultaneously entering the room, prompted by Hudson's opening the door and recognizing that they were police. Judge Savell also found exigencies: that the police knew Hudson, knew he had been armed in the past and might well be armed when the warrant was

served. Judge Savell was also concerned that if the police permitted Hudson to close the door, other people in the apartment or elsewhere might be warned and evidence destroyed.

Having carefully reviewed the record, we are satisfied that Judge Savell was not clearly erroneous in concluding that the police did announce their presence, albeit while entering the room, and that Hudson recognized the officers and recognized that they were police. The only noncompliance with the knock and announce rule was their failure to allow Hudson to refuse admit-tance. Given Hudson's possession of weapons in the past, Judge Savell could properly find that exigent circumstances excused further compliance with the statutes. *Trosper*, 721 P.2d at 135–36.

The judgment of the superior court is AFFIRMED.